## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7212 | **DATE** | 9/23/2004 |
| **CASE TITLE** | Field Container Company, L.P. vs. Ezell Shearrill | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Field Container's Motion for Attorneys' Fees and Costs [Doc. No 12]; [Doc. No. 13]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff's Motion for Award of Attorneys' Fees and Costs [Doc. No. 12]; [Doc. No. 13] is GRANTED. Field Container is entitled to attorneys' fees and costs in the amount of $19,334.22. This case is closed.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | SEP 2 8 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| X | Docketing to mail notices. | | GMA | 20 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| slf (lc) | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FIELD CONTAINER COMPANY, L.P., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 03 C 7212 ) ) HONORABLE DAVID H. COAR |
| EZELL SHEARRILL | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before this Court is Plaintiff Field Container Company, L.P.'s ("Plaintiff" or "Field Container") motion for attorneys' fees and costs, pursuant to a default judgment entered in its favor, and against Defendant Ezell Shearrill ("Defendant" or "Shearrill"), on February 5, 2004. For the reasons set forth below, Plaintiff's motion for attorneys' fees and costs is granted. Plaintiff is entitled to $19,334.22 for the attorneys' fees and costs incurred in this litigation.

### I. Factual and Procedural Background

On October 10, 2003, Field Container filed suit against Defendant, seeking equitable restitution for payments mistakenly made to the Defendant out of the Field Container Company, L.P. and Related Entities Plan. The two counts of Field Container's complaint were premised on unjust enrichment and restitution, pursuant to ERISA section 29 U.S.C. §1132(a)(3)(B)(ii). Field Container contends that prior to filing its complaint, it made numerous attempts to resolve its

dispute with Defendant by sending four letters to Shearrill, requesting that he return the funds. Defendant ignored all four letters. Shearrill also failed to answer the Complaint filed by Field Container. Subsequently, Field Container moved for a default judgment. The day the default judgment was to be entered, Defendant's counsel appeared and requested additional time for Shearrill to answer the Complaint. The Court granted Defendant's request, but Shearrill failed to answer or to appear at the scheduled status date. Consequently, on January 29, 2004, this Court granted Field Container's motion for entry of a default judgment, and a final judgment order was entered on February 5, 2004. On March 15, 2004, Plaintiff filed its first motion for attorneys' fees. However, this Court ordered Field Container to delete pre-filing fees and costs from its motion. On March 18, 2004, Plaintiff filed its amended motion for attorneys' fees and costs. It is that amended motion that is presently before the Court.

## II. Analysis

Plaintiff brings its request for attorneys' fees pursuant to ERISA section 29 U.S.C. § 1132(g)(1) ("§ 1132(g)(1)"). Pursuant to § 1132(g)(1), "[i]n any action under this subchapter...the court in its discretion may allow a reasonable attorney's fee and cost to either party." The Seventh Circuit has enumerated two tests for determining whether attorneys' fees and costs should be granted to a party in an ERISA action. The first test looks at five factors: 1) the degree of the offending party's culpability or bad faith; 2) the degree of the offending parties to satisfy personally an award of attorneys' fees; 3) whether or not an award of attorneys' fees against the offending parties would deter other persons acting under similar circumstances; 4) the amount of benefit conferred on members of the pension plan as a whole; and 5) the relative merits of the parties' positions. Quinn v. Blue Cross and Blue Shield Ass'n, 161 F.3d 472, 478

(7th Cir. 1998). The second test looks to whether or not the losing party's position was "substantially justified." Id. (citing Bittner v. Sadoff & Rudoy Industries, 728 F.2d 820, 830 (7th Cir. 1984)). Whatever test the court decides to use, the same question must be addressed: "was the losing party's position substantially justified and taken in good faith, or was that party simply out to harass its opponent?" Meredith v. Navistar International Transportation Corp., 935 F.2d 124, 128 (7th Cir. 1991). There is a "modest presumption" in favor of awarding attorneys' fees and costs to the prevailing party in an ERISA cause of action. Id. Although Defendant has not filed a response to contest Plaintiff's motion for attorneys' fees and costs, the Court must determine if the circumstances of this case justify an award of attorneys' fees and costs to Field Container, and if so, is the amount that Field Container requests reasonable.

Field Container urges that this is the type of case where attorneys' fees are warranted for several reasons. First, Field Container notes that prior to filing suit, it made persistent efforts to contact Shearrill in order to attempt to settle the parties' dispute. Second, Field Container notes that Defendant failed to answer the Complaint, and did not even appear in this action until after Field Container filed its motion for default judgment. Subsequently, Defendant disregarded the additional time afforded to him by the Court to file an answer. Plaintiff contends that Shearrill's position, which has been no position at all, is not "substantially justified."

In addressing Plaintiff's motion for attorneys' fees and costs, the Court will use the second test enumerated by the Seventh Circuit, and analyze whether Shearrill's position was "substantially justified." Plaintiff is correct when it asserts that Shearrill's position, which has been no position at all, is not "substantially justified." Defendant's failure to make any responses to Plaintiff's letters or Plaintiff's Complaint shows indifference and a complete

disregard of his potential liability to Field Container, which undoubtedly shows bad faith on the part of Shearrill. There is no justification for Shearill's failure to answer Field Container's Complaint. As such, Field Container is entitled to reasonable attorneys' fees and costs. The Court has examined Field Container's submission of the attorneys' fees and costs it has incurred in litigating this action, and has determined that those fees and costs are reasonable. As such, Field Container is entitled to attorneys' fees and costs in the amount of $19,334.22.

### III. Conclusion

For the foregoing reasons, Field Container's motion for attorneys' fees and costs is GRANTED.

Enter:

David H. Coar
United States District Judge

Dated: **September 23, 2004**